## Stanton's Estate.

*H. Gordon McCouch,* for exceptant.

*Joseph J. Brown* and *John Arthur Brown,* contra.

GEST, J., April 17, 1931.—The testatrix, who died in 1907, devised her residuary estate in trust to pay the income to her four children, William, Howard, Charles and Marie, for their respective lives (the shares of her sons being free from liability for their debts), with remainders of the principal after the death of each child to their issue, and in default of issue of any of them in trust for the others, etc., and, in default of issue of all of them at the death of the survivor, to the heirs of the testatrix under the intestate laws.

The testatrix had lent money to her children, represented by interest-bearing obligations, in the following amounts: To William, $5851.50; to Howard, $3763.84; to Charles, $3011.78; to Marie, $318.26, and to Howard and Charles, jointly, $22,812.16, a total of $35,757.54. By a codicil to her will, the testatrix directed her executor not to insist on immediate payment of these debts, but to accept payment thereof as her children might desire or best suit their convenience, considering these obligations as debts of honor to be paid when and as the business and circumstances of her children might warrant. And by a later codicil she further directed as follows:

"I direct that so much of any and all sums owing to me at the date of my decease by my children or any of them in any manner, or upon any account whatsoever, whether upon loan represented by mortgage, promissory note, &c., or otherwise as shall not exceed his or their respective shares or share of my estate under my said will shall be deemed and treated as advancements on account of said respective share or shares, anything contained in the first codicil, dated the Twentieth day of October, 1893, to my said will, to the contrary notwithstanding."

The balance of the principal of the personal estate of the testatrix, as disclosed by the account of her executor, amounted to $50,216, of which $35,757 represented the aggregate indebtedness of the children, and is so mentioned in the account, agreed to by all of the children. There were in addition a number of houses, yielding rents, as appears by the account filed.

The trustee filed an account in 1904, which showed that the advances or debts, as they are styled in the account agreed to, as was the executor's account, by all the children, stood as follows: That of William, originally $5851.50, was reduced to $3123.43; that of Marie, originally $318.26, had been entirely refunded; that of Howard, originally $3763.84, was reduced to $3282.59; that of Charles, originally $3011.78, was reduced to $2280.73, and the joint advancement or debt of Charles and Howard, originally $22,812.16, had been increased to $24,507.95; a total of $33,194.70.

The present account was filed in 1930. In the meantime, William had died in 1919, Howard in 1929 and Marie in 1930. All died unmarried and without issue. Charles, the survivor, is fifty-five years of age and is unmarried and without issue.

According to this account, the "indebtedness of the heirs on advancements" amounted, however, not to $33,194.70, but to $33,672.56, which we understand represents the advancements with interest to Charles and Howard jointly.

It is said by the Auditing Judge in his adjudication that "the advancements have all been extinguished except a large sum due by Charles and Howard jointly. The interest on this item has not been kept down by their shares of income, and if this interest runs on indefinitely they now owe more than they did at the time of the death of the testatrix." "Charles is now the only surviving child and is entitled to all income and he claims that the charge of interest on his advancement is wrong. He does not seek to have any sums refunded which have been paid out to the other children, but wishes the accounts of the interest still in hand readjusted so that he will have nothing to pay but his original advancement without interest and also that directions be given for the future on that theory." The Auditing Judge ruled that "no distributee is obliged to pay interest on advancements after the death of the testatrix, and the distribution should be calculated on that basis, saving what has already been paid out."

We are not able to concur in the reasoning of the adjudication. The general rule with regard to advancements is that they do not carry interest during the lifetime of the testator, but in distribution interest begins to run when the estate should normally be settled, in order to effect equality, and, as a rule, the interest is charged at the legal rate of 6 per cent. even if the estate yields a smaller income: Sharpe's Estate, 13 Phila. 360; though in this case, by agreement, it was charged at 5 per cent. Abundant authority for the general rule may be found in the cases referred to by the Auditing Judge, notably Patterson's Estate, 128 Pa. 269, Ford's Estate, 2 W. N. C. 113, and Thompson's Estate, 8 W. N. C. 16, to which may be added Stelwagon's Estate, 17 Dist. R. 609, which cases also show that the rule is applicable where the distribution is of income only and not of principal. And it will be observed, also, that these advancements were originally debts, and, although converted by the codicil into advancements, the accounts, agreed to by all the parties, still referred to them as debts, and the codicil itself merely directed the conversion into advancements to the extent of the children's interest in the estate. Even if, as debts, they are barred by the statute, these circumstances remove from the case any ground of complaint arising from the supposed hardship of the rule. The final accounting and the distribution of principal cannot occur until the death of Charles, the last survivor, and, unless he should have children, which at present seems improbable, the estate will, in the absence of testamentary provision to the contrary, be divisible under the intestate laws to the personal representatives of the four children, who all survived the testatrix. To except the advancements, or any of them, in the meantime, from the charge

of interest would result in manifest inequality. The learned counsel for Charles Stanton relied upon what was said in some cases such as Miller's Appeal, 31 Pa. 337, and Porter's Appeal, 94 Pa. 332, that advancements do not bear interest unless the will so directs, but it is apparent that this statement refers merely to the running of interest during the lifetime of the testator. Farnum's Estate, 176 Pa. 366, was also relied upon, but, in considering the peculiar facts of that case, we must observe what the Supreme Court said in its opinion: "It must be constantly borne in mind that the advancement to Mrs. Bell was not a loan of money, nor was it a gift of interest bearing securities which would constantly produce income." In the present case, however, the advancements were originally debts evidenced by interest bearing obligations, and, in the account filed, agreed to by all parties, were, as has been said, actually referred to by them as such. The inevitable presumption is that these children of the testatrix received actual money on which they expected and agreed to pay interest. The codicil to the will merely relieved them of interest which would otherwise have accrued in the lifetime of the testatrix. If the advancement actually received by any of them in the lifetime of the testatrix should be greater than his distributive share, the hardship is only apparent, as he had received his full share already.

To state our understanding of the law succinctly, advancements do not carry interest during the lifetime of the testator unless the will so directs, but, on the other hand, they do carry interest after his death (or perhaps more accurately after the expiration of the time normally allowed for the filing of the account), unless the will directs otherwise. In Farnum's Estate, 176 Pa. 366, the opinion of the Supreme Court cites no authorities, and it can hardly be assumed that the court intended to overrule its decision in Patterson's Appeal, 128 Pa. 269, which has been often followed as a leading case. The law in other states is the same as ours: Thornton on Gifts and Advancements, § 614.

Now, in the facts of the present case, Charles is presently entitled to the entire income as the survivor of the four children, and it is strongly urged that the rule is no longer applicable. If only income were involved, this might perhaps be so, but the future distribution of principal must be considered. Upon the death of Charles leaving issue, although that event is regarded as unlikely, his issue would be entitled; but if he should die without leaving issue, which is the probable case, the gift over of principal and interest is given to the heirs of the testatrix, that is, to the personal representatives of the four children. There the rights of the three deceased children, or their estates, are affected; it is to their advantage that the share of Charles's issue or his estate should be diminished and their shares enlarged by the deduction from Charles's share of so much of the interest on his advancement as would effect an ultimate equality of distribution.

Facts precisely similar to these do not appear in any decided case, so far as the court or counsel have been able to discover; but, bearing in mind the general rule that interest is charged on advancements in order to effect ultimate equality of distribution, we are of opinion that the exceptions should be sustained.

We observe, moreover, that the advancements not yet extinguished and aggregating $33,672.56 are those made jointly to Charles and Howard, and the Auditing Judge in his adjudication suggests that Charles would be chargeable with only one-half of the advancements made to him and Howard jointly. In this we agree with him, and any necessary equalization may be adjusted in the schedule of distribution.

We also observe on pages fifty-six and fifty-seven of the account that the accountant has charged commissions at 5 per cent. on the interest calculated upon the advancements, amounting to $2084.43, and apparently, if we understand the facts, the accountants have retained that sum from income. The interest on the advancements was not collected; it was accounted for as a matter of bookkeeping only. Certainly no commissions can be allowed on the advancements themselves, as they are brought into the account for computation only, as was said in Herter's Estate, 18 Dist. R. 1026. The same reason would apply to the interest accrued on them. The legality of this charge was not objected to, and we make no ruling upon it, but if any improper credit has been taken, it may also be corrected in the schedule of distribution.

The fourth exception is dismissed, the remaining exceptions are sustained, and a schedule of distribution will be submitted to the Auditing Judge in accordance with this opinion.